LINCOLN LOAN CO.,
*Appellant,*

*v.*

CITY OF PORTLAND,
a municipal corporation,
*Respondent,*

*and*

Mary Ann HALINEN,
*Interested Party.*

(9404-02984; CA A86240)

909 P2d 1243

Melinda B. Wilde argued the cause and filed the briefs for appellant.

Bill Manlove, Deputy City Attorney, argued the cause and filed the brief for respondent.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

## LEESON, J.

Petitioner appeals from a judgment in which the trial court denied its writ of review and affirmed an order issued by the City of Portland's Code Hearings Officer that directed petitioner to correct numerous housing code violations and assessed a $500 civil penalty. ORS 34.010 to ORS 34.100. Petitioner claims that the hearings officer violated petitioner's rights under the Fourth Amendment to the United States Constitution and Article I, section 9, of the Oregon Constitution by refusing to exclude evidence obtained during an illegal search of the house occupied by petitioner's tenant. We review the circuit court's denial of the writ of review affirming the hearings officer's order as if that order were the judgment of the court in an action, ORS 34.100, and affirm.

McKee, a housing inspector for the City of Portland, obtained a search warrant to inspect the interior of a house owned by petitioner. He went to the house, accompanied by four police officers who were equipped with a battering ram. Tenant's 13-year-old son, who also lived at the house, allowed McKee to enter and to take photographs of the interior. McKee returned the search warrant, explaining that he did not execute it, because he was "allowed access for inspection voluntarily by the person present." At the hearing, petitioner moved to suppress the evidence of interior code violations on the ground that McKee had conducted a warrantless search without valid consent. The hearings officer refused to suppress the evidence, finding that "even accepting the facts as stated in [petitioner's] motion to suppress, * * * the consent to the search of the interior of the premises was adequate," because tenant's son had authority to consent to the search. The circuit court held that the hearings officer's order was "supported by substantial evidence in the record as a whole" and "did not violate petitioner's constitutional rights."

On appeal, petitioner contends that McKee's search was conducted without valid consent and that under Article I, section 9, of the Oregon Constitution and the Fourth Amendment to the United States Constitution, it is entitled to have the evidence of that search suppressed. Respondent replies that petitioner lacks standing to assert that argument, because petitioner suffered no violation of its rights under

either the state or federal constitutions.[1] Even assuming, without deciding, that the rule excluding evidence illegally obtained applies in circumstances such as these, this case turns on a factual determination: whether tenant's child had actual authority to consent to the search. *See State v. Will*, 131 Or App 498, 505, 885 P2d 715 (1994) (whether a minor has actual authority to consent to a search is a question of fact).

Our review of the record reveals substantial support for the finding that tenant's 13-year-old son had actual authority to consent to the search. Tenant testified that she had told her son that

> "a gentleman would be coming by and he might have police officers with him and he might not, but if he had paper that he said was a search warrant, that he was to allow him into the home."

In its motion to suppress and at the hearing, petitioner stated: "[T]he child had been instructed, if he has a search warrant, you are to let them in." Petitioner also stated that "[w]hen Mr. McKee arrived with the police officers he had a search warrant with him, and informed the child of this fact." The record unambiguously supports the hearings officer's finding that tenant's child had been given actual authority to consent to the search.

Petitioner also argues that, under the circumstances, the child's consent was not valid, because the child was coerced into allowing McKee's entry by the presence of the police officers and the battering ram or that he merely acquiesced to the show of authority. We disagree. The police officers accompanied McKee to execute the warrant forcibly if necessary. The evidence supports a finding that the child's mother instructed him to consent if McKee said that he had a warrant. McKee so informed the child. The child consented, as he had been instructed to do. This is not a situation in which we must determine whether the child's will was overborne by a show of force. *See State v. Freund*, 102 Or App 647,

---

[1] The question of whether a defendant's personal rights were violated by an unlawful search is often mislabled as a question of "standing." However, that question goes to the merits of the motion to suppress rather than to whether defendant has "standing" in the narrow sense of the justiciability of the defendant's legal challenge. *State v. Tanner*, 304 Or 312, 316, 745 P2d 757 (1987).

652, 796 P2d 656 (1990) (officers' conduct did not invite response other than acquiescence, despite lack of search warrant). We need not speculate about whether the child would have allowed McKee to enter if he had not been accompanied by the police officers.

Because tenant's child validly consented to the search by McKee, it was not error to refuse to exclude evidence obtained in the subsequent search. We need not address petitioner's other arguments.

Affirmed.